UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton,<br><br>                      Plaintiff,<br><br>vs.<br><br>U.S. Supreme Court on Appeal of Roe vs. Wade 1973; John G. Roberts, Chief Justice; Associate Justices,<br><br>                      Defendant. | ) C/A No. 3:11-91-MBS-RSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    The Plaintiff, James B. Skelton (Plaintiff), proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983. In his Complaint he names as Defendants the United States Supreme Court, and its Chief Justice, the Honorable John G. Roberts, as well as the Associate Justices (Defendants). Plaintiff alleges the Defendants have "violated the separation of powers by creating a law that legalizes murder." Specifically, Plaintiff claims that "the Roe v. Wade[1] decision was not allowed to be appealed prior to becoming a law. The United States Court of Appeals should decide on this case and make its decision as the final judgement on this case." In his prayer for relief, Plaintiff asks that the decision in *Roe v. Wade*, 410 U.S. 113 (1973), be overturned.

    This is not the first time Plaintiff has raised these issues in this Court. In fact, this is the twelfth case Plaintiff has

---

[1] *Roe v. Wade*, 410 U.S. 113 (1973)

filed in this District. A Court may take judicial notice of its own books and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); and *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C.

§1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff does not have standing to challenge the decision, handed down thirty-eight (38) years ago, in *Roe v. Wade*, 410 U.S. 113 (1973). "The requirement of standing... has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The Supreme

Court has "consistently stressed that a plaintiff's complaint must establish that he has a "personal stake' in the alleged dispute, and that the alleged injury suffered is particularized to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). Standing is a strict jurisdictional requirement, rigorously enforced when the court must decide if the government's actions are unconstitutional. *Id.* at 819-20.

Additionally, Plaintiff lacks standing to sue on behalf of other individuals. *See Laird v. Tatum*, 408 U.S. 1 (1972); see also *Valley Forge Christian College v. Americans for Separation of Church and State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and the merits of the case are irrelevant). See *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1971); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(a pro se litigant cannot act as a "knight-errant" for others); *Oxedine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(same).

Finally, Plaintiff has already raised these claims. *See Skelton v. United States Supreme Court*, Civil Action No. 3:09-1435-MBS-RSC (D.S.C. 2009) and *Skelton v. United States Supreme Court*, Civil Action No. 3:09-1434-MBS-RSC (D.S.C. 2009). The above-captioned case is subject to summary dismissal for the same reasons the complaints filed in Civil Action Nos. 3:09-1435-MBS-RSC (D.S.C.

2009) and 3:09-1434-MBS-RSC (D.S.C. 2009) were subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296. *See also United States v. Parker*, 956 F.2d 169, 171(8th Cir. 1992).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

 _/s/ Robert S. Carr_
 Robert S. Carr
 United States Magistrate Judge

Date January 31, 2011
Charleston, South Carolina


**_Plaintiff's attention is directed to the important notice on the next page._**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).